UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:24-CV-00927

FRANCISCO MATDONADO,

    Plaintiff,

vs.

TRUST ROOFING, INC.,
ROBIN SCHERER, and
WINNIE SCHERER,

    Defendants.
_____/

# COMPLAINT

Plaintiff, Francisco Matdonado, sues Defendants, Trust Roofing, Inc., Robin Scherer, and Winnie Scherer, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Francisco Matdonado**, is over 18 years old and has been a *sui juris* resident of Pinellas County, Florida, at all times material.

2. **Defendant, Trust Roofing, Inc.,** who formerly conducted business as T & G Roofing Company, Inc., is a *sui juris* Florida for-profit corporation authorized to conduct and that conducted its roofing business in Pinellas County, Florida, where it maintains its principal place of business.

3. **Defendant, Robin Scherer,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time

1

relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, was partially or totally responsible for paying Plaintiff's wages.

4. **Defendant, Winnie Scherer,** was at all times material an owner/officer/director/manager of the corporate Defendant, for the time \ relevant to this lawsuit. She also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

5. Defendants Robin Scherer and Winnie Scherer are husband and wife who jointly own, operate, manage, and control Trust Roofing, Inc.

6. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District and maintain their principal place of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all operational decisions were made in this District.

8. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

9. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT I - FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Francisco Matdonado, reincorporates and re-alleges all preceding as though set forth fully herein and further alleges as follows:

10. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

11. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12. Defendants were at all times material engaged in interstate commerce in the course of their performance of roofing maintenance, repairs, and re-roofing activities using fasteners, adhesives, wood, tools, vehicles, goods, materials, and supplies that previously traveled in interstate commerce.

13. Defendants also engage in interstate commerce through their regular and recurrent submission of billings and receipt of payment involving out-of-state payors.

14. Furthermore, Defendants obtain, solicit, exchange, and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

15. Defendants also engage in e-commerce through the internet on their website, https://trustroofing.com/, which they registered through GoDaddy LLC (a foreign corporation).

16. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

17. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

18. Plaintiff was a non-exempt, hourly employee of the Defendants.

19. Plaintiff consents to participate in this lawsuit.

20. Plaintiff worked as a "foreman" and/or "lead project manager" for Defendants.

21. Plaintiff regularly and routinely utilized telephones, cellular telephones, fasteners, hand tools, power tools, and other goods and supplies that moved through interstate commerce in his work for Defendants.

22. Plaintiff also regularly and recurrently exchanged communications outside of the State of Florida with vendors and customers while working for Defendants.

23. Plaintiff has worked for Defendants, Trust Roofing, Inc., Robin Scherer, and Winnie Scherer since about 2021.

24. To the extent that records regarding the exact dates of Plaintiff's employment exist, they are believed to be in the exclusive custody of Defendants.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

25. Defendants agreed to pay Plaintiff a rate of $53/hour for each hour worked and deduct $750 from his paychecks, which would be paid directly to Plaintiff's landlord towards his monthly rent.

26. Defendants paid Plaintiff in two checks for each week he worked between June 2022 abd the end of March 2023:

   a. One check for wages issued by FrankCrum for wages, whom Defendants utilized for payroll and likely for workers' compensation insurance coverage (minus taxes and withholdings); and

   b. One check issued by Trust Roofing, Inc. to Plaintiff for the remainder of his hourly wage (no deductions or withholdings taken).

27. Plaintiff normally started his workday between 5:00 a.m. and 5:15 a.m. and then worked anywhere from 12 to 14 hours per day, often working 70 to 80 hours per week for Defendants.

28. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

29. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times Plaintiff's regular hourly rate of pay (1.5 x $53) each hour he worked beyond 40 hours in a given workweek.

30. Defendants willfully and intentionally refused to pay Plaintiff wages at a time and one-half times Plaintiff's regular hourly rate of pay (1.5 x $53) for each of the overtime hours worked during the relevant time.

31. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

32. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a judgment in his favor and against Defendants, Trust Roofing, Inc., Robin Scherer, and Winnie Scherer, jointly and severally after trial by jury, and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

### COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2022
### (Against Defendant, Trust Roofing, Inc., only)

Plaintiff, Francisco Matdonado, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

24. Plaintiff worked for Defendant Trust Roofing, Inc., during the calendar year 2022.

25. Defendant, Trust Roofing, Inc., was obligated to provide correct information returns to the IRS and Plaintiff.

26. Defendant, Trust Roofing, Inc., is directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2022, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2022.

27. Defendant, Trust Roofing, Inc., normally paid Plaintiff in checks issued by FrankCrum (which included deductions for taxes and withholdings) for most of the hours worked each pay period in 2022.

28. From June 2022 through the end of 2022, Defendant, Trust Roofing, Inc., paid a portion of the hourly wages earned by Plaintiff in each payroll period in a paycheck for wages issued by FrankCrum, and the remainder of his hourly wages earned during that pay period in a separate check issued from an account owned by Trust Roofing, Inc. (non-wage checks).

29. Defendant, Trust Roofing, Inc., did not include the amounts paid to Plaintiff in the "separate checks" in 2022 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued for calendar year 2022 (or in a 1099-MISC issued to him for 2022).

30. Defendant, Trust Roofing, Inc., willfully and intentionally served/filed/provided Plaintiff with and/or issued a fraudulent and/or false IRS Form W-2 for calendar year 2022 by underreporting the amount they paid to Plaintiff that calendar year in wages.

31. Plaintiff suffered damages due to Defendant, Trust Roofing, Inc.'s willful provision of a false/fraudulent information return underreporting the wages he earned in 2022 caused by its intentional and willful acts as described above.

32. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.
>
> **(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—
>
>> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>>
>> (2) the costs of the action, and
>>
>> (3) in the court's discretion, reasonable attorneys' fees.

33. Plaintiff seeks the greater of $5,000 or the actual damages he sustained as a proximate result of Defendant Trust Roofing, Inc.'s filing of each fraudulent information return for him for 2022, plus his attorney's fees and costs.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a judgment in her favor and against Defendant, Trust Roofing, Inc., jointly and severally after trial by jury and as follows:

   a. That Plaintiff recover the greater of $5,000 for the fraudulent information return filed/served by Defendants for 2021 as set forth above;

   b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

   c. That Plaintiff recover all interest allowed by law; and

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

      d.    Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2023
### (Against Defendant, Trust Roofing, Inc., only)

Plaintiff, Francisco Matdonado, reincorporates and re-alleges paragraphs 1 through 9 as though set forth fully herein and further alleges as follows:

24. Plaintiff worked for Defendant Trust Roofing, Inc., during the calendar year 2023.

25. Defendant, Trust Roofing, Inc., was obligated to provide correct information returns to the IRS and Plaintiff.

### IRS Form W-2 For 2023

26. Defendant, Trust Roofing, Inc., is directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2023, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2023.

27. Defendant, Trust Roofing, Inc., normally paid Plaintiff in checks issued by FrankCrum (which included deductions for taxes and withholdings) for most of the hours worked each pay period in 2023.

28. From January 1, 2023, through the end of March 2023, Defendant, Trust Roofing, Inc., paid a portion of the hourly wages earned by Plaintiff in each

10

payroll period in a paycheck for wages issued by FrankCrum, and the remainder of his hourly wages earned during that pay period in a separate check issued from an account owned by Trust Roofing, Inc. (non-wage checks).

29. Defendant, Trust Roofing, Inc., did not include the amounts paid to Plaintiff in the "separate checks" in 2023 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that it issued for calendar year 2023 (or in the 1099-MISC issued to him for 2023).

30. As a direct and proximate result of underreporting the wages that Defendant, Trust Roofing, Inc., paid to Plaintiff in 2023 in the IRS Form W-2 issued for 2023, Plaintiff suffered damages.

### IRS Form 1099-MISC for 2023

31. Plaintiff advanced worked-related expenses while working for and on behalf of Defendant, Trust Roofing, Inc., for such things as fuel for the work truck and purchasing supplies in calendar year 2023.

32. To obtain a reimbursement, Plaintiff provided a receipt to substantiate each work-related expense he advanced on behalf of and to obtain reimbursement from Defendant, Trust Roofing, Inc.

33. Defendant, Trust Roofing, Inc., reimbursed Plaintiff for the work-related expenses he advanced on its behalf in 2023 based on the receipts he provided to it.

34. Defendant, Trust Roofing, Inc., improperly included the reimbursements it paid to Plaintiff for employment-related expenses he incurred/advanced on its behalf in the 1099-MISC for Plaintiff for 2023, and thereby overstated the amount paid to him as miscellaneous income in the 1099-MISC it issued to him for 2023.

35. As a direct and proximate result of overstating the amount Defendant, Trust Roofing, Inc., paid to Plaintiff as miscellaneous income in the 1099-MISC it issued to Plaintiff for 2023, Plaintiff suffered damages.

## Damages

36. Defendant, Trust Roofing, Inc., willfully and intentionally served/filed/provided Plaintiff with:

    a. A fraudulent and/or false IRS Form W-2 for the calendar year 2023 that underreported the amount it paid to Plaintiff that calendar year, knowing they paid him more in wages; and

    b. A fraudulent and/or false IRS Form 1099-MISC for calendar year 2023 that exaggerated the amount of non-employee income it paid to Plaintiff that calendar year, knowing that the expense reimbursements were not miscellaneous income to him.

37. Plaintiff suffered damages as a result of Defendant's willful provision of two false/fraudulent information returns in 2023 that (a) underreporting the wages he earned in 2023 on the IRS Form W-2 and (b) exaggerated the amount of

12

non-employee compensation he received in 2023 in the IRS Form 1099-MISC as a direct and proximate result of Defendants' intentional and willful acts as described above.

38. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

39. Plaintiff seeks the greater of $5,000 or the actual damages he sustained as a proximate result of Defendant Trust Roofing, Inc.'s filing of each fraudulent information return for him for 2023, plus his attorney's fees and costs.

WHEREFORE Plaintiff, Francisco Matdonado, demands the entry of a judgment in her favor and against Defendant, Trust Roofing, Inc., jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2023 (x2) as

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

      set forth above;

  b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

  c.    That Plaintiff recover all interest allowed by law; and

  d.    Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Francisco Matdonado, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of April 2024,

                s/Brian H. Pollock, Esq.
                Brian H. Pollock, Esq.
                Fla. Bar No. 174742
                brian@fairlawattorney.com
                FAIRLAW FIRM
                135 San Lorenzo Avenue
                Suite 770
                Coral Gables, FL 33146
                Tel:   305.230.4884
                *Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com