UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:8:24-CV-00927

FRANCISCO MATDONADO,

Plaintiff,

v.

TRUST ROOFING, INC.
ROBIN SCHERER, and
WINNIE SCHERER,

     Defendantss.

_____/

**DEFENDANTS, TRUST ROOFING, INC., ROBIN SCHERER AND WINNIE
SCHERER'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

    COMES NOW, DEFENDANTS, TRUST ROOFING, INC.'S, ROBIN

SCHERER'S AND WINNIE SCHERER'S, by and through their undersigned

counsel, and hereby file their Answers and Affirmative Defenses to Plaintiff,

FRANCISCO MATDONADO'S Complaint and Demand for Jury Trial, and in

support thereof states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Defendants are without sufficient knowledge of Plaintiff's residence; therefore, Defendants deny all allegations related to the same. Additionally, Defendants vehemently deny allegations in paragraph of Plaintiff's Complaint.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Denied.

6.     Admitted for jurisdictional purposes only.

7.     Admitted for venue purposes only.

8.     Defendants deny the allegations in paragraph 8 of plaintiff's Complaint.

9.     Defendants is without sufficient knowledge of Plaintiff's relationship with his counsel; therefore, deny the allegations in paragraph 9 of Plaintiff's Complaint.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Defendants re-alleges and reaffirms paragraphs 1 through 9 above as if fully set forth herein.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD -  SUITE 700  -  TAMPA, FLORIDA 33609  -  (813) 289-9300  -  (813) 286-2900 FAX

10.     Paragraph 10 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 10.

11.     Paragraph 11 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 11.

12.     Paragraph 12 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 12.

13.     Paragraph 13 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 13.

14.     Paragraph 14 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 14.

15.     Paragraph 15 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 15.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

16.     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint as phrased.

17.     Paragraph 17 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 17.

18.     Paragraph 18 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 18.

19.     Defendants are without sufficient knowledge of Plaintiff's consent with his counsel; therefore, Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint as phrased.

21.     Paragraph 21 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD  -  SUITE 700  -  TAMPA, FLORIDA 33609  -  (813) 289-9300  -  (813) 286-2900 FAX

23.     Defendants deny the allegations in Paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiff Complaint.

26.     Defendants deny the allegations in Paragraph 26, including its subparts "a" and "b" of Plaintiff's Complaint as phrased.

27.     Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint as phrased.

28.     Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint as phrased.

29.     Defendants deny the allegations in Paragraph 29 of Plaintiff's Complaint.

30.     Paragraph 30 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 30.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

31.     Paragraph 31 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 31.

32.     Paragraph 32 of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 32.

All allegations contained in Plaintiff's WHEREFORE clause between Paragraph 32 of Count III and Paragraph 24 of Count III, Violation of 26 U.S.C. Sec. 7434 For 2022 including all subparts "a" through "g" are strictly denied.

### COUNT III[1] - VIOLATION(S) OF 26 U.S.C. Sec. 7434 FOR 2022 (Against Defendants, Trust Roofing, Inc. only)

Defendants re-alleges and reaffirms paragraphs 1 through 9 above as if fully set forth herein. Defendants follows the same number format as Plaintiff has in his Complaint in effort to avoid confusion.

24.     Defendants deny the allegations in Count II, Paragraph 24 of Plaintiff Complaint as phrased, and admits that Plaintiff worked for Trust Roofing for some time in 2022 as an independent contractor, and for some time as a W2 employee.

---

[1] Should be called Count II and will be referred to as Count II throughout Defendants' responses to the allegations in Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

25.     Paragraph 25 of Count II of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 25 of Count II of Plaintiff's Complaint.

26.     Paragraph 26 of Count II of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 26 of Count II of Plaintiff's Complaint.

27.     Defendants deny the allegations in Count II, Paragraph 27 of Plaintiff Complaint as phrased.

28.     Defendants deny the allegations in Count II, Paragraph 28 of Plaintiff Complaint as phrased.

29.     Paragraph 29 of Count II of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 29 of Count II of Plaintiff's Complaint.

30.     Defendants deny the allegations in Count II, Paragraph 30 of Plaintiff Complaint.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

31.     Defendants deny the allegations in Count II, Paragraph 31 of Plaintiff Complaint.

32.     Paragraph 32 of Count II of Plaintiff's Complaint appears to quote Section 7434 if 26 U.S.C., for which no response is required. Defendants defers to the actual language in the statute. However, to the extent a response is required, the allegations are denied.

33.     Defendants are without sufficient knowledge of Plaintiff's intent with this litigation; therefore the allegations in Paragraph 33 of Count II of Plaintiff's Complaint is denied.

All allegations contained in Plaintiff's WHEREFORE clause between Paragraph 33 of Count II - Violation of 26 U.S.C. Sec. 7434 For 2022 and Paragraph 24 of Count II, Violation of 26 U.S.C. Sec. 7434 For 2023 including all subparts "a" through "d" are strictly denied.

## COUNT III[2] - VIOLATION(S) OF 26 U.S.C. Sec. 7434 FOR 2022
### (Against Defendants, Trust Roofing, Inc. only)

Defendants re-allege and reaffirm paragraphs 1 through 9 above as if fully set forth herein.

Defendants follow the same number format as Plaintiff has in his Complaint in effort to avoid confusion.

---

[2] Should be called Count III and is responded to as Count III of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

24.     Admitted that Plaintiff worked for Defendants during 2023; all other averments contained in paragraph 24 of Count III of Plaintiff's Complaint are denied.

25.     Paragraph 25 of Count III of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 25.

### IRS FORMS W-2 for 2023

26.     Paragraph 26 of Count III of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27 of Count III of Plaintiff's Complaint as phrased.

28.     Defendants deny the allegations in Paragraph 28 of Count III of Plaintiff's Complaint as phrased.

29.     Defendants deny the allegations in Paragraph 29 of Count III of Plaintiff's Complaint as phrased.

30.     Paragraph 30 of Count III of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 30 of Count III.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD  -  SUITE 700  -  TAMPA, FLORIDA 33609  -  (813) 289-9300  -  (813) 286-2900 FAX

<u>**IRS Form 1099-MISC for 2023**</u>

31.     Defendants deny allegations in Paragraph 31 of Count III of Plaintiff's Complaint.

32.     Defendants deny allegations in Paragraph 32 of Count III of Plaintiff's Complaint as phrased.

33.     Defendant admits that it would reimburse Plaintiff for any expenses he presented receipts for; however, to the extent the paragraph seeks to imply any further allegations, Defendant deny the allegations.

34.     Paragraph 34 of Count III of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 34.

35.     Paragraph 35 of Count III of Plaintiff's Complaint states a legal conclusion that does not necessitate a response to the same; however, to the extent a response is required, Defendants deny allegations in Paragraph 35.

<u>**Damages**</u>

36.     Defendants deny allegations in Paragraph 36 and subparts a-b of Count III of Plaintiff's Complaint.

37.     Defendants deny allegations in Paragraph 37 of Count III of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

38.    Paragraph 38 of Count II of Plaintiff's Complaint appears to quote Section 7434 if 26 U.S.C., for which no response is required. Defendants defer to the actual language in the statute. However, to the extent a response is required, the allegations are denied.

39.    Defendants are without knowledge of the information alleged in Paragraph 39 of Count III of Plaintiff's Complaint. To the Extent an answer is required, Defendants deny allegations in Paragraph 39 and subparts a-b of Count III of Plaintiff's Complaint.

All allegations contained in Plaintiff's WHEREFORE clause between Paragraph 39 and Demand for Jury Trial, including all subparts "a" through "d" are strictly denied.

## **DEMAND FOR JURY TRIAL**

Defendants admit that Plaintiff requests a jury trial but deny that Plaintiff is entitled to any remedy or relief or that any issue in this case is subject to be determined by a jury.

## **GENERAL DENIAL**

Defendants deny each and every allegation contained in Plaintiff's Complaint unless specifically admitted herein, including any factual allegations contained in the headings of Plaintiff's Complaint.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD · SUITE 700 · TAMPA, FLORIDA 33609 · (813) 289-9300 · (813) 286-2900 FAX

## DEFENSES

### FIRST DEFENSE

At all times material hereto, Plaintiff has failed to comply with conditions precedent to bringing this action including notifying the Internal Revenue Service of the Complaint and providing accurate tax information to Defendant for information returns.

### SECOND DEFENSE

At all times material hereto, Plaintiff has no standing to challenge returns filed by Trust Roofing.

### THIRD DEFENSE

At all times material hereto, any purported violation of 26 USC §7434 was "not" willful, nor was any "willful" violation alleged.

### FOURTH DEFENSE

At all times material hereto, Plaintiff was in *pari dilecto* with Defendant(s).

### FIFTH DEFENSE

At all times material hereto, any purported violation of 26 USC §7434 was "mere error" and/or based on information Plaintiff provided and verified

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## SIXTH DEFENSE

At all times material hereto, any purported violation of 26 USC §7434 was "mere error" and/or based on information Plaintiff provided and verified accuracy thereof.

## SEVENTH DEFENSE

At all times material hereto, Defendant never intended to deceive the IRS or harass Plaintiff.

## EIGHTH DEFENSE

At all times material hereto, any damages purportedly sustained by Plaintiff were not proximately caused by Defendant but caused by intervening acts of others, including Plaintiff, who provided the information at issue and/or was the source thereof.

## NINETH DEFENSE

At all times material hereto, Defendant is entitled to set-off and collateral source credit.

## TENTH DEFENSE

At all times material hereto, Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff failed to comply with the particularity requirements of Federal Rules of Civil Procedure 9(b).

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## ELEVENTH DEFENSE

At all times material hereto, Plaintiff represented to Defendant that all information in the information return, which Plaintiff provided, was truthful. Defendant relied upon this representation to its detriment in preparing the information returns to now estopp Plaintiff from asserting contrary position.

## TWELFTH DEFENSE

At all times material hereto, Plaintiff falsely represented to Defendant that all information in the information return, which Plaintiff provided, was truthful. The representation was of material fact and intended by Plaintiff to induce Defendant's reliance thereon, which Defendant did in preparing the information returns. Apparently, the information provided by Plaintiff to Defendant was false, inaccurate, misleading, and fraudulent to ultimately damage Defendant.

## THIRTEENTH DEFENSE

At all times material hereto, any information returns prepared and/or filed by the Defendant were "as instructed by the Plaintiff", based on information Plaintiff provided to Defendant, culminating in tax returns signed by Plaintiff under penalty of perjury, thereby waiving the inaccuracy of any information contained therein.

14

## FOURTEENTH DEFENSE

At all times material hereto, Plaintiff signed tax returns verifying the accuracy of the information set forth in the information returns under penalty of perjury, which was based on information he provided the Defendant. To now contend the information is inaccurate is to admit perjury. As such, Plaintiff has unclean hands.

## FIFTEENTH DEFENSE

Defendant affirmatively deny all allegations of non-compliance with FLSA, irreparable harm, entitlement to injunctive relief, entitlement to attorney's fees and claims of damage and demands strict proof thereof.

## SIXTEENTH DEFENSE

Defendants assert that if any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendant was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two years pursuant to 25 U.S.C. § 255(a).

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD  -  SUITE 700  -  TAMPA, FLORIDA 33609  -  (813) 289-9300  -  (813) 286-2900 FAX

## SEVENTEENTH DEFENSE

At all times material hereto, Defendant incorporates by reference all defenses filed by any other Defendant named in this action.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## NINETEENTH DEFENSE

There was a lawful and legitimate basis and/or legitimate business reasons for all actions taken towards the Plaintiff's employment which were not related to FLSA, or 26 USC §7434.

## TWENTIETH DEFENSE

The Plaintiff failed to mitigate her damages, if any, and is not entitled to relief.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

## TWENTY-SECOND DEFENSE

The Plaintiff failed to exhaust all available administrative remedies and/or any prerequisites to suit and has also made allegations that are outside the scope of the relevant charge of discrimination for which she received a right to sue letter.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## TWENTY-THIRD DEFENSE

To the extent Plaintiff suffered any damages or losses for which she seeks to hold Defendants responsible, those damages or losses were caused in part by Plaintiff's own acts, omissions, and conduct, or the acts, omissions, and conduct of third persons.

## TWENTY-FOURTH DEFENSE

Defendants has acted reasonably and in good faith at all times to comply with all state and federal laws.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for damages must be reduced or dismissed to extent after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in his termination.

## TWENTY-SIXTH DEFENSE

All employees of Defendants, including managers, supervisors, etc. acted in good faith efforts to comply with all federal, state, and local laws and maintain Plaintiff's employment with Defendants, and it was Plaintiff's own actions and disregard for the policies and procedures that led to any alleged disciplinary action, including termination of employment.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## TWENTY-SEVENTH DEFENSE

Plaintiff has not suffered any damages as a result of any alleged wrongdoing by Defendants.

## TWENTY-EIGHTH DEFENSE

Any conduct complained of, or alleged damages, was caused in part or in whole by Plaintiff's own actions or the conduct of others whom Defendants have no control over.

## TWENTY-NINTH DEFENSE

To the extent that Plaintiff is found to be non-exempt and seek compensation for any bona fide meal or rest periods thirty (30) minutes in duration or longer, such time is not compensable in accordance with the FLSA.

## THIRTIETH DEFENSE

Any claims for liquidated damages under the FLSA are barred under the Portal-to-Portal Act of 1947, as amended, as Defendants at all times acted in good faith and with reasonable grounds to believe the relevant actions did not violate the FLSA.

## THIRTY-FIRST DEFENSE

Plaintiff's claims and recovery are barred to the extent he seeks compensation for anything other than compensable working time under the Fair

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD  -  SUITE 700  -  TAMPA, FLORIDA 33609  -  (813) 289-9300  -  (813) 286-2900 FAX

Labor Standards Act, as amended, including as amended by the Portal-to-Portal Act.

## THIRTY-SECOND DEFENSE

Plaintiff never requested the alleged unpaid wages from Defendants, whether verbally or in writing, prior to filing suit, thus his claims are barred.

## THIRTY-THIRD DEFENSE

Plaintiff accepted payment for services under employment with Defendant and any additional compensation would be inequitable and result in unjust enrichment.

## THIRTY-FOURTH DEFENSE

Plaintiff's alleged damages, if any, are subject to the doctrines of payment and offset.

## THIRTY-FIFTH DEFENSE

Plaintiff's alleged damages, if any, are too speculative to ascertain.

## THIRTY-SIXTH DEFENSE

Any claims for overtime or liquidated damages in excess of two years prior to filing are barred by the Statute of Limitations contained within the Fair Labor Standards Act and Portal to Portal Act of 1947, as amended, as any violations which may have occurred were not willful within the meaning of the statute.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## THIRTY-SEVENTH DEFENSE

To the extent Plaintiff is including tasks that are not apart of his job description, Defendant raises that Plaintiff is not capturing hours worked as defined in 29 U.S.C. Sec. 203(o).

## THIRTY-EIGHTH DEFENSE

Plaintiff has failed to identify when he allegedly worked overtime and was not paid for such time worked in excess of 40 hours. Therefore, Defendant's records indicate Plaintiff was paid for all hours he worked in compliance with the FLSA.

## THIRTY-NINETH DEFENSE

Plaintiff, was the "filer" of his taxes, 1099's and the person responsible and required to file his information returns.

## FORTIETH DEFENSE

Plaintiff failed to provide evidence of willful or intentional acts of filing financial documents from the Defendants.

## FORTY-FIRST DEFENSE

Plaintiff's claims are barred or limited by unclean hands and lack of standing.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## FORTY-SECOND DEFENSE

Plaintiff's claims are barred or limited by his comparative fault.

## FORTY-THIRD DEFENSE

The alleged acts of Defendant were not a proximate cause of any damage to Plaintiff.

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred for failing to state a cause of action under 26 U.S.C. 7434 where Defendant willfully or intentionally violated said statute.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by estoppels, laches and set-off or *res judicata*.

## FORTY-SIXTH DEFENSE

Defendants reserve the right to assert additional affirmative and other defenses as may become known upon completion of discovery.

## DEMAND FOR ATTORNEY'S FEES

Defendant has engaged the undersigned attorney to bring this action, is obligated to pay them a reasonable fee, for which entitlement is claimed pursuant to 26 U.S.C. ¶7434 (b) (3).

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable as of right by jury.

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

WHEREFORE, the Defendants, TRUST ROOFING, INC., WINNIE SCHERER, AND ROBIN SCHERER., requests this Honorable Court enter judgment: (1) that Plaintiff take nothing by this action, denying the Plaintiff's prayer for relief; (2) dismissing Plaintiff's Complaint and all claims therein with prejudice; (3) in favor of Defendants; and (4) awarding Defendants attorney's fees and costs pursuant to the relevant statutes and Rules of Civil Procedure, along with such other relief available in law or equity as deemed just and proper.

Respectfully submitted this 7TH day of JUNE 2024.

By: */s/ Anna M. Urie*
    Anna M. Urie, Esq.
    Florida Bar No.: 0127455
    Email: anna.urie@csklegal.com
    4301 West Boy Scout Boulevard
    Suite 400
    Tampa, Florida 33607
    Telephone (813) 864-9366

[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]

**COLE, SCOTT & KISSANE, P.A.**
500 N. WESTSHORE BOULEVARD - SUITE 700 - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7TH day of JUNE 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendants *TRUST ROOFING, INC., WINNIE SCHERER, AND ROBIN SCHERER*
> 500 N. Westshore Boulevard
> Suite 700
> Tampa, Florida 33609
> Telephone (813) 509-2632
> Facsimile (813) 286-2900
> Primary e-mail: anna.urie@csklegal.com

By:  s/ Anna M. Urie
     Anna M. Urie, Esq.
     Florida Bar No.:  0127455