UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:24-CV-00927-JSM-AAS

FRANCISCO MATDONADO,

     Plaintiff,

vs.

TRUST ROOFING, INC.,
ROBIN SCHERER, AND
WINNIE SCHERER,

     Defendants.

_____/

**PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Plaintiff, Francisco Matdonado ("Mr. Matdonado"), through his undersigned counsel and pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure, Local Rule 3.01, and other applicable Rules and laws, requests that the Court enter an Order Striking Defenses Nos. 2, 4, 9, 19, 20, 21, 22, 23, 25, 26, 28, 31, 32, 33, 41, 42, and 45 asserted by Defendants Trust Roofing, Inc., Robin Scherer, and Winnie Scherer, based upon the following good cause:

**MOTION**

1.    Mr. Matdonado sued Defendants for violating: (i) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by not paying him the overtime wages he earned; and (ii) 26 U.S.C. § 7434 by fraudulently or falsely issuing an IRS Form W-2 for the calendar year 2022; and (iii) 26 U.S.C. § 7434 by fraudulently or

1

falsely issuing an IRS Form W-2 and Form 1099-MISC for the calendar year 2023. *See* ECF No. 1.

2.      Defendants responded to the Complaint with their Answer in which they, as pertinent herein, asserted forty-six (46) defenses. ECF No. 24 at 12-21.

3.      Defenses Nos. 2, 4, 9, 19, 20, 21, 22, 23, 25, 26, 28, 31, 32, 33, 41, 42, and 45 asserted by Defendants are properly stricken under Fed. R. Civ. P. 12(f) which permits the Court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

4.      Consequently, Mr. Matdonado requests that the Court strike those defenses listed above from Defendants' Answer.

WHEREFORE Plaintiff, Francisco Matdonado, requests that the Court enter an Order striking the Defenses Nos. 2, 4, 9, 19, 20, 21, 22, 23, 25, 26, 28, 31, 32, 33, 41, 42, and 45 pled by Defendants Trust Roofing, Inc., Robin Scherer, and Winnie Scherer based on the foregoing Motion and the following Memorandum of Law, and to award such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Mr. Matdonado sued his former employers for not paying him overtime wages, and for misreporting his earnings for tax years 2022 and 2023. In response to the Complaint, Defendants then asserted forty-six (46) "Defenses" which are the

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

subject of this Motion to Strike.[1] To streamline these proceedings, avoid subsequent dispositive motions over the viability of their defenses, and avoid much of the back-and-forth that occurs at the pretrial conference arguing over whether defenses are viable or not, Mr. Matdonado requests that the Court strike Defenses Nos. 2, 4, 9, 19, 20, 21, 22, 23, 25, 26, 28, 31, 32, 33, 41, 42, and 45 as insufficient defenses or as redundant, immaterial, and/or impertinent.

## II.  THE LAW

Rule 12(f) of the Federal Rules of Civil Procedure expressly states, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999).

"A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F.Supp. 992, 1000 (M.D.

---

[1] While Defendants' Answer is titled "Defendants, Trust Roofing, Inc., Robin Scherer and Winnie Scherer's Answer and **Affirmative** Defenses to Plaintiff's Complaint and Demand for Jury Trial" (emphasis added), pages 12 through 21 of the Answer list forty-six (46) "Defenses."

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Fla. 1976).)

As summarized by the Court in *S.D. v. St. Johns County Sch. Dist.*, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009), "An 'immaterial matter' is one that has no important relationship to the claim or defense and an 'impertinent' matter is one that does not pertain to the issue(s) in question." *Citing 126th Avenue Landfill, Inc. v. Pinellas County,* 2009 WL 1544030, at *2–3 (M.D. Fla. June 3, 2009); *also citing* Wright & Miller Wright & Miller, Federal Practice & Procedure: Civil § 1382 at 458–63 (3d ed. 2004). In responding to a pleading, a party must admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8(b)(1)(B).

Although a defendant is not obligated to set forth detailed and particular facts, Rule 8(a) of the Federal Rules of Civil Procedure requires a Defendant to nonetheless give "fair notice" of the defense and "the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957). This means that a defendant's affirmative defense "must do more than make conclusory allegations." An affirmative defense must be stricken when it is "insufficient as a matter of law". *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## III.  ARGUMENT

### Second Defense

**At all times material hereto, Plaintiff has no standing to challenge returns filed by Trust Roofing.**

The defense that Plaintiff lacks standing to challenge the tax returns filed by Trust Roofing on his behalf is insufficient as a matter of law. Under the plain language of 26 U.S.C. § 7434(a), which serves as the basis for Counts II and III of Plaintiff's Complaint, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

Here, Plaintiff has alleged that Defendant, Trust Roofing, Inc., willfully issued fraudulent IRS Form W-2s for the calendar years 2022 and 2023, and a fraudulent and/or false IRS Form 1099-MISC for calendar year 2023, by intentionally misreporting Plaintiff's wages and non-employee income. ECF No. 1 at ¶¶ 30, 36. Because standing is granted by 26 U.S.C. § 7434(a) to any person who has had a fraudulent information return intentionally filed on their behalf by another, the asserted defense of lack of standing is clearly invalid as a matter of law and must be stricken.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

### Fourth Defense

**At all times material hereto, Plaintiff was in *pari delicto* with Defendant(s).**

The defense of *in pari delicto* requires that a defendant show that "the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1308 (11th Cir. 2013). Further, "[t]o invoke in pari delicto to bar a claim brough under a federal statute, the defendant must also show a second element: that barring the suit would not 'substantially interfere' with the policy goals of the statute." *Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797, 802 (11th Cir. 2015).

Here, Defendants have asserted no facts to put Plaintiff on notice as to: (i) how he bears any responsibility for the violations he seeks to address; or (ii) how barring the suit on the grounds of in pari delicto would not substantially interfere with the policy goals of the statutes at issue. Moreover, Plaintiff is left to speculate which of his claims this defense is being asserted against. Because Defendants' legal conclusion that Plaintiff was in pari delicto with Defendants contains no sufficient factual basis describing the grounds on which this defense rests, Defense No. 4 must be stricken.

### Ninth Defense

**At all times material hereto, Defendant is entitled to set-off and collateral source credit.**

"[S]et-offs against back pay awards are inappropriate in actions to enforce FLSA minimum wage and overtime provisions because such set-offs deprive

6

employees of their 'cash in hand[,]'" so long as the set-off does "not cause an employees' wages to fall beneath the wage required by the FLSA." *Mizelle v. Edgewood Nursing Ctr., Inc.*, 2010 U.S. Dist. LEXIS 149318, at *6 (M.D. Fla. Feb. 25, 2010). Plaintiff has asserted that Defendants failed to pay him at a rate of at least one and one-half times his regular rate of pay for all hours worked over forty per workweek. ECF No. 1 at ¶¶ 28-30. Any deduction from the wages which Plaintiff recovers under this lawsuit would therefore cause his wages to fall beneath the rate prescribed by the FLSA. Further, this defense contains no factual basis to support Defendants' conclusory assertion that they are entitled to a set-off—depriving Plaintiff of adequate notice of the defense being asserted. On these grounds, Defense No. 9 must be stricken.

### Nineteenth Defense

**There was a lawful and legitimate basis and/or legitimate business reasons for all actions taken towards the Plaintiff's employment which were not related to the FLSA, or to 26 U.S.C. § 7434.**

Defense No. 19 provides Plaintiff with no factual context for Defendants' conclusory assertion that they had some alleged lawful or legitimate purpose for failing to pay him overtime wages, or for misreporting his earnings to the IRS. Because this bare-bones conclusion fails to afford Plaintiff "'fair notice' of the nature of the defense and the grounds upon which it rests," Defense No. 19 must be stricken. *Biller v. Cafe Luna of Naples, Inc.*, 2015 U.S. Dist. LEXIS 253051, at *2 (M.D. Fla. Oct. 2, 2020); *Microsoft Corp.*, 211 F.R.D. at 684.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## Twentieth Defense

**Plaintiff failed to mitigate his damages, if any, and is not entitled to relief.**

It is well-settled within the Eleventh Circuit that "there is no requirement to mitigate overtime wages under the FLSA." *King v. ITT Educ. Servs.*, 2009 U.S. Dist. LEXIS 99725, at *8 (M.D. Fla. Oct. 27, 2009) (quoting *Morrison*, 434 F. Supp. 2d at 1321 (holding it would contradict the purposes of the FLSA if an employee were required, after working overtime hours, to secure alternative employment to mitigate his damages)). Therefore, "[s]ince FLSA claimants are under no duty to mitigate damages, this defense fails as a matter of law" as to Plaintiff's FLSA claim. *Perez-Nunez v. N. Broward Hosp. Dist.*, 2009 U.S. Dist. LEXIS 25557, at *5 (S.D. Fla. Mar. 13, 2009) (citation omitted).

With respect to Plaintiff's claims under 26 U.S.C § 7434, neither the statute itself nor common law requires that an individual mitigate their damages arising under Section 7434. Because this defense is immaterial and impertinent to the claims at issue, it must be stricken.

## Twenty-First Defense

**Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.**

Estoppel is available as an affirmative defense to FLSA claims within the Middle District only "where the employee affirmatively misleads the employer." *Ayers v. Consol. Constr. Servs. of SW Fla., Inc.*, 2007 U.S. Dist. LEXIS 86596, at *3 (M.D. Fla. Nov. 26, 2007). Where, as here, the defense of estoppel in not supported

8

by any factual assertions to show that this narrow circumstances applies, it is insufficiently pled and must be stricken. *Ayers*, 2007 U.S. Dist. LEXIS 86596, at \*3-4. Similarly, as to Plaintiff's claims under 26 U.S.C § 7434, this bare legal conclusion fails to provide Plaintiff with fair notice of the Defense asserted against him or the grounds on which it rests. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957).

As to Defendants' assertion of unclean hands, this defense is "not permitted under FLSA". *Moore v. Live Cheap, LLC*, 2015 WL 12805689, at \*2 (S.D. Fla. Aug. 26, 2015). The reason is because unclean hands is an equitable defense that is not available to defeat a statutory claim. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 804 (11th Cir. 2015). The FLSA only affords legal and not equitable relief. *Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1335 (11th Cir. 2002). Therefore, unclean hands is not an available defense to Mr. Matdonado's FLSA overtime claim.

Additionally, Defendants are not entitled to rely on the defense of unclean hands as to Plaintiff's remaining claims because they allege no facts to support it. *See Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1191 (S.D. Fla. 2019). This defense fails because it does not satisfy either of the necessary requirements to state a claim for unclean hands:

> For a defendant to successfully avail itself of the doctrine of unclean hands, it must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245, 54 S.Ct. 146, 147-48, 78 L.Ed. 293 (1933). Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by her conduct. *Mitchell Bros. Film Group v.*

9

*Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir.1979), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980).

*Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993). Defendants can only avail themselves of the defense of unclean hands if they can show that Mr. Matdonado did (or did not do) something that caused them to violate the FLSA or 26 U.S.C § 7434. Accordingly, Defense No. 21 is properly stricken as factually and legally insufficient.

### Twenty-Second Defense

**Plaintiff failed to exhaust all administrative remedies and/or any prerequisites to suit and has also made allegations that are outside the scope of the relevant charge of discrimination for which she received a right to sue letter.**

In FLSA actions, as well as those arising under 26 U.S.C § 7434, there is no statutory or common law requirement that a plaintiff must exhaust any administrative remedy as a precondition for filing a lawsuit. Nor has Plaintiff filed a charge of discrimination in relation to the action at bar—because there is no requirement under either statute to do so. Because this defense is wholly immaterial and impertinent to the claims asserted by Plaintiff in this action, Defense No. 22 must be stricken.

### Twenty-Third Defense

**To the extent Plaintiff suffered any damages or losses for which she seeks to hold Defendants responsible, those damages or losses were caused in part by Plaintiff's own acts, omissions, and conduct, or the acts, omissions, and conduct of third persons.**

10

Defense No. 23 asserts no facts in support of Defendants' contention that Plaintiff, or some unspecified third person, either acted or failed to act in a way which caused Plaintiff to suffer the damages which he seeks to recover. Because this bare legal conclusion fails to provide Plaintiff with fair notice of the Defense asserted against him or the grounds on which it rests, Defense No. 23 must be stricken. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## Twenty-Fifth Defense

**Plaintiff's claim for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in his termination.**

Plaintiff has not alleged that he was terminated, nor does termination have any relation to the claims asserted in this lawsuit. Whether Plaintiff was terminated, or otherwise would have been, has no bearing on whether Plaintiff is entitled to recover unpaid overtime wages under the FLSA, or damages for Defendants' fraudulent misrepresentations in his tax filings under 26 U.S.C § 7434. Because this defense is immaterial and impertinent to the claims at issue, it must be stricken.

## Twenty-Sixth Defense

**All employees of Defendants, including managers, supervisors, etc. acted in good faith efforts to comply with all federal, state, and local laws and maintain Plaintiff's employment with Defendants, and it was Plaintiff's own actions and disregard for the policies and procedures that led to any alleged disciplinary action, including termination of employment.**

11

As stated in response to Defense No. 25 above, Plaintiff has not alleged termination (or any other form of disciplinary action) in connection with the claims at issue. Nor does termination or other discipline preclude Plaintiff from recovering under the FLSA's overtime provision or 26 U.S.C § 7434. Because this defense is immaterial and impertinent to the claims at issue, it must be stricken.

### Twenty-Eighth Defense

**Any conduct complained of, or alleged damages, was caused in part or in whole by Plaintiff's own actions or the conduct of others whom Defendants have no control over.**

This defense is duplicative of Defense No. 23. As discussed above, this defense asserts no facts in support of Defendants' contention that Plaintiff, or some unspecified third person, either acted or failed to act in a way which caused Plaintiff to suffer the damages which he seeks to recover. Because this bare legal conclusion fails to provide Plaintiff with fair notice of the Defense asserted against him or the grounds on which it rests, Defense No. 23 must be stricken. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957).

### Thirty-First Defense

**Plaintiff's claims and recovery are barred to the extent he seeks compensation for anything other than compensable working time under the Fair Labor Standards Act, as amended, including as amended by the Portal-to-Portal Act.**

Defendants assert that **all** of Plaintiff's claims and recovery in this action are barred to the extent that he seeks to be compensated for anything other than

12

compensable working time under the FLSA. While this assertion is a valid and legitimate defense to Plaintiff's claim for unpaid overtime wages (*see, e.g., Holland v. Sea Tech & Fun U.S., LLC*, 2019 U.S. Dist. LEXIS 215193, at *6-7 (M.D. Fla. Nov. 22, 2019)), it is immaterial and impertinent to his claims under 26 U.S.C § 7434. Accordingly, Plaintiff requests that the Court order Defendants to amend Defense No. 31 to specify that this defense would preclude only the Plaintiff's claim and recovery under the FLSA.

### Thirty-Second Defense

**Plaintiff never requested the alleged unpaid wages from Defendants, whether verbally or in writing, prior to filing suit, thus his claims are barred.**

Whether Plaintiff ever requested the unpaid overtime wages he seeks to recover is immaterial and impertinent to his ability to maintain his FLSA claim. As recognized by this Court, "[t]he FLSA does not require a plaintiff to provide notice of an alleged wage violation prior to bringing suit[,]" and this defense is properly stricken as to FLSA unpaid wage claims. *Mandujano v. Freight Handlers, Inc.*, 2017 U.S. Dist. LEXIS 93536, at *4 (M.D. Fla. June 19, 2017). Similarly, as to Plaintiff's claims under 26 U.S.C § 7434, requests for unpaid wages immaterial and impertinent. Plaintiff accordingly requests that the Court strike Defense No. 32.

### Thirty-Third Defense

**Plaintiff accepted payment for services under employment with Defendant and any additional compensation would be inequitable and result in unjust enrichment.**

13

This defense does not specify whether it pertains to Plaintiff's claim for unpaid overtime wages under the FLSA, or to his claim under 26 U.S.C § 7434. However, Plaintiff only seeks additional compensation for services in connection with his FLSA claim. Therefore, this defense is immaterial and impertinent to Counts II and III. It is equally impertinent, however, to Plaintiff's claim for overtime wages. As long recognized in this District, "[t]he FLSA provisions are mandatory, are not subject to negotiation or bargaining between employers and employees, and are not subject to waiver." *Ayers*, 2007 U.S. Dist. LEXIS at *4. To the contrary of this asserted defense, it would be inequitable to allow Defendants to retain the overtime wages which they are obligated to pay Plaintiff under the FLSA, 29 U.S.C. § 207(a)(1). Accordingly, Defense No. 33 is properly stricken.

### Forty-First Defense

**Plaintiff's claims are barred or limited by unclean hands and lack of standing.**

This defense in duplicative of Defenses Nos. 2 and 21. As discussed above, the doctrine of unclean hands is not applicable to FLSA claims. *Moore*, 2015 WL 12805689, at *2 (S.D. Fla. Aug. 26, 2015); *Bailey*, 776 F.3d at 804 (11th Cir. 2015). Plaintiff is afforded standing for his claims under the plain language of 26 U.S.C. § 7434(a) and 29 U.S.C. § 207(a)(1). Moreover, this defense contains no factual underlining and fails to provide Plaintiff with adequate notice of the Defense asserted against him or the grounds on which it rests. *See Bell Atlantic v. Twombly*,

14

550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957). Defense No. 41 is, therefore, properly stricken.

## Forty-Second Defense

**Plaintiff's claims are barred or limited by his comparative fault.**

This defense is essentially duplicative of Defenses Nos. 23 and 28. Again, as discussed above, this defense asserts no facts in support of Defendants' contention that Plaintiff, or some unspecified third person, either acted or failed to act in a way which caused Plaintiff to suffer the damages which he seeks to recover. Because this bare legal conclusion fails to provide Plaintiff with fair notice of the Defense asserted against him or the grounds on which it rests, Defense No. 23 must be stricken. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## Forty-Fifth Defense

**Plaintiff's claims are barred in whole or in part by estoppel, laches, and set-off or *res judicata*.**

As to Defendants' assertion of estoppel and set-off, this defense is duplicative of Defenses Nos. 9 and 21. For the reasons discussed above, these defenses are properly stricken. As to Defendants' assertion of laches, this doctrine "does not apply to congressional acts providing a statute of limitations, such as the FLSA." *Morrison*, 434 F. Supp. 2d at 1320 (affirmed by the Middle District in *Ayers*, 2007 U.S. Dist. LEXIS 86596, at *2). Similarly, Plaintiff's claims under 26

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

U.S.C. § 7434 are barred on the same basis: they are brought under a congressional act which provides a statute of limitations. *See* 26 U.S.C. § 7434(c).

Finally, as to Defendants' assertion of *res judicata*, this defense is devoid of factual allegations, failing to provide Plaintiff with fair notice of the Defense asserted against him or the grounds on which it rests. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *accord Conley v. Gibson*, 355 U.S. 41, 47 (1957). Accordingly, Defense No. 45 must be stricken.

## IV. CONCLUSION

For the reasons set forth above, Mr. Matdonado requests that the Court enter an Order striking Defenses Nos. 2, 4, 9, 19, 20, 21, 22, 23, 25, 26, 28, 31, 32, 33, 41, 42, and 45.

[Remainder of Page Intentionally Blank]

16

## <u>LOCAL RULE 3.01(G) CERTIFICATION</u>

I HEREBY CERTIFY that the undersigned has attempted to confer with counsel for Defendants on June 21 and 28, 2024 regarding the relief sought in this motion, and that Defendants' counsel has not responded to the undersigned's conferral attempts. It is therefore unknown whether Defendants object to the relief sought herein.

Dated this 28th day of June 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq.
Florida Bar No. 174742
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Florida Bar No. 1039018
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

17