UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:8:24-CV-00927

FRANCISCO MATDONADO,

Plaintiff,

v.

TRUST ROOFING, INC.
ROBIN SCHERER, and
WINNIE SCHERER,

    Defendants.

_____/

**DEFENDANTS, TRUST ROOFING, INC., ROBIN SCHERER AND WINNIE SCHERER'S AMENDED ANSWER AND DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL**

    COMES NOW, DEFENDANTS, TRUST ROOFING, INC.'S, ROBIN SCHERER'S AND WINNIE SCHERER'S, by and through their undersigned counsel, and hereby file their Amended Answer and Defenses to Plaintiff, FRANCISCO MATDONADO'S Complaint and Demand for Jury Trial. Defendants reserve the right to supplement or amend their response as their investigation is ongoing. Defendants respond to the allegations in the Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

    1.    Defendants are without knowledge of Plaintiff's residence; therefore, Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 for jurisdictional purposes only.

7. Defendants admit the allegations contained in paragraph 7 for purposes of venue only.

8. Defendants are without knowledge as to the intended meaning of the term "condition(s) precedent," as it is used in paragraph 8 of the Complaint and therefore deny the allegations contained in that paragraph.

9. Defendants is without sufficient knowledge of Plaintiff's relationship with his counsel; therefore, deny the allegations in paragraph 9 of the Complaint.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

Defendants re-allege and reaffirm paragraphs 1 through 9 above as if fully set forth herein.

10. Paragraph 10 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 10.

11. Paragraph 11 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 11.

12. Paragraph 12 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 12.

13. Paragraph 13 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 13.

14. Defendant is without knowledge as to the intended meaning of the phrases "regularly and recurrently[,]" as it is used in paragraph 14 of the Complaint, as well as the specific time period encompassed by that paragraph, and therefore deny the allegations contained in that paragraph.

15. Paragraph 15 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16 of the Complaint as phrased.

17.    Paragraph 17 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 17.

18.    Paragraph 18 of the Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 18.

19.    Defendants are without sufficient knowledge of Plaintiff's consent with his counsel; therefore, Defendants deny the allegations in paragraph 19 of the Complaint.

20.    Defendants deny the allegations in paragraph 20 of the Complaint.

21.    Defendant is without knowledge as to the intended meaning of the phrase "regularly and recurrently,[]" as it is used in paragraph 21 of the Complaint and therefore denies the allegations contained therein.

22.    Defendants deny the allegations in Paragraph 22 of the Complaint.

23.    Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    Defendants are without knowledge as to Plaintiff's beliefs and therefore denies the allegations contained in paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26, including its subparts "a" and "b" of the Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny allegations in paragraph 30 of the Complaint.

31. Defendants deny allegations in paragraph 31 of the Complaint.

32. Defendants deny that Plaintiff is entitled to the damages alleged in paragraph 32 of the Complaint. Defendants also deny that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph that follows paragraph 32 of the Complaint, inclusive of subparts (a) through (g).

### COUNT II[1] - VIOLATION(S) OF 26 U.S.C. Sec. 7434 FOR 2022
### (Against Defendant, Trust Roofing, Inc. only)

In response to the allegations contained in the unnumbered paragraph preceding paragraph 24 of Count II, Defendant repeats its responses to paragraphs 1 through 9 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of Count II as phrased, and admit that Plaintiff worked for Trust Roofing for some time in 2022 as an independent contractor, and for some time as a W2 employee.

25. Paragraph 25 of Count II states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in paragraph 25 of Count II.

---

[1] Plaintiff's Complaint skips directly from Count I to Count III and then proceeds with a second Count III. Plaintiff's Complaint also restarts its paragraph numbers at paragraph 24 for both Counts III. As such, the first Count III will be referred to as "Count II" and the second Count III will be referred to as "Count III." The individual paragraphs contained within Counts II and III will be referred to as "paragraph __ of Count __."

26. Paragraph 26 of Count II states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny the allegations in Paragraph 26 of Count II.

27. Defendants are without knowledge as to the intended meaning of the phrase "most of the hours worked in each pay period" as it is used in paragraph 27 of Count II and therefore deny the allegations contained in that paragraph.

28. Defendants deny the allegations in paragraph 28 of Count II of Plaintiff Complaint.

29. Defendants are without knowledge as to the intended meaning of the phrase "any information returns relating to the wages earned by (or paid to) Plaintiff" as it is used in paragraph 29 of Count II and therefore deny the allegations contained in that paragraph.

30. Defendants deny the allegations in paragraph 30 of Count II.

31. Defendants deny the allegations in paragraph 31 of Count II.

32. Paragraph 32 of Count II appears to quote Section 7434 if 26 U.S.C., which speaks for itself. To the extent a response is required, Defendants deny the allegations in paragraph 32 of Count II.

33. Defendants are without knowledge of Plaintiff's intent with regard to this litigation. Therefore, Defendants deny the allegations in paragraph 33 of Count II. Answering further, Defendant denies that Plaintiff is entitled to any damages alleged in this paragraph. Defendants also deny that Plaintiff is entitled to any of the relief

sought in the unnumbered paragraph that follows paragraph 33 of Count II, inclusive of subparts (a) through (d).

## COUNT III - VIOLATION(S) OF 26 U.S.C. Sec. 7434 FOR 2022
### (Against Defendants, Trust Roofing, Inc. only)

In response to the allegations contained in the unnumbered paragraph preceding paragraph 24 of Count III, Defendant repeats its responses to paragraphs 1 through 9 of the Complaint.

Defendants follow the same number format as Plaintiff has in his Complaint in effort to avoid confusion.

24.   Defendants admit that Plaintiff worked for Defendants during 2023. Defendants deny any remaining allegations contained in paragraph 24 of Count III.

25.   Paragraph 25 of Count III of Complaint states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny the allegations in paragraph 25 of Count III.

### IRS FORMS W-2 for 2023

26.   Paragraph 26 of Count III states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny the allegations in paragraph 26 of Count III.

27.   Defendants deny the allegations in Paragraph 27 of Count III of Complaint.

28.   Defendants deny the allegations in Paragraph 28 of Count III of Complaint.

29. Defendants are without knowledge as to the intended meaning of the phrase "any information returns relating to the wages earned by (or paid to) Plaintiff" as it is used in paragraph 29 of Count II and therefore deny the allegations contained in that paragraph.

30. Defendants deny the allegations in paragraph 30 of Count III.

### IRS Form 1099-MISC for 2023

31. Defendants deny the allegations in paragraph 31 of Count III.

32. Defendants deny allegations in paragraph 32 of Count III of Complaint.

33. Defendant admits that it would reimburse Plaintiff for any expenses he presented receipts for; however, to the extent the paragraph seeks to imply any further allegations, Defendants deny the allegations.

34. Paragraph 34 of Count III states a legal conclusion that does not necessitate a response; however, to the extent a response is required, Defendants deny allegations in Paragraph 34 of Count III.

35. Defendants deny the allegations in paragraph 35 of Count III.

### Alleged Damages

36. Defendants deny the allegations in paragraph 36 of Count III, inclusive of subparts (a) and (b).

37. Defendants deny the allegations in paragraph 37 of Count III.

38. Paragraph 38 of Count III appears to quote Section 7434 if 26 U.S.C., which speaks for itself. To the extent a response is required, Defendants deny the allegations in paragraph 38 of Count III.

39. Defendants are without knowledge of Plaintiff's intent with regard to this litigation. Therefore, Defendants deny the allegations in paragraph 39 of Count III. Answering further, Defendants deny that Plaintiff is entitled to any damages alleged in this paragraph. Defendants also deny that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph that follows paragraph 39 of Count III, inclusive of subparts (a) through (d).

## DEMAND FOR JURY TRIAL

Defendants make no response to Plaintiff's demand for a jury trial because no response is required.

## DEFENSES

Defendants allege the following defenses and reserve the right to plead additional defenses as may be revealed during the course of discovery. Defendants deny all allegations in the Complaint that have not been specifically admitted.

## FIRST DEFENSE

At all times material hereto, Plaintiff has failed to comply with conditions precedent to bringing this action including notifying the Internal Revenue Service of the Complaint and providing accurate tax information to Defendant Trust Roofing for information returns.

## SECOND DEFENSE

At all times material hereto, Plaintiff has no standing to challenge returns filed by Trust Roofing.

### THIRD DEFENSE

At all times material hereto, any purported violation of 26 USC §7434 was "not" willful, nor was any "willful" violation alleged.

### FOURTH DEFENSE

At all times material hereto, Plaintiff was in *pari dilecto* with Defendant(s).

### FIFTH DEFENSE

At all times material hereto, any purported violation of 26 USC §7434 was "mere error" and/or based on information Plaintiff provided and verified accuracy thereof.

### SIXTH DEFENSE

At all times material hereto, Defendant never intended to deceive the IRS or harass Plaintiff.

### SEVENTH DEFENSE

At all times material hereto, any damages purportedly sustained by Plaintiff were not proximately caused by Defendant but caused by intervening acts of others, including Plaintiff, who provided the information at issue and/or was the source thereof.

### EIGHTH DEFENSE

At all times material hereto, Defendants are entitled to set-off of any wages owed as a result of amounts paid by Defendants for board, lodging, or other facilities on Plaintiff's behalf.

## NINTH DEFENSE

At all times material hereto, the Complaint fails to state a claim upon which relief may be granted because Plaintiff failed to comply with the particularity requirements of Federal Rules of Civil Procedure 9(b).

## TENTH DEFENSE

At all times material hereto, Plaintiff represented to Defendant that all information in the information return, which Plaintiff provided, was truthful. Defendant relied upon this representation to its detriment in preparing the information returns to now estop Plaintiff from asserting contrary position.

## ELEVENTH DEFENSE

At all times material hereto, Plaintiff falsely represented to Defendant that all information in the information return, which Plaintiff provided, was truthful. The representation was of material fact and intended by Plaintiff to induce Defendant's reliance thereon, which Defendant did in preparing the information returns. Apparently, the information provided by Plaintiff to Defendant was false, inaccurate, misleading, and fraudulent to ultimately damage Defendant.

## TWELFTH DEFENSE

At all times material hereto, any information returns prepared and/or filed by the Defendant were "as instructed by the Plaintiff", based on information Plaintiff provided to Defendant, culminating in tax returns signed by Plaintiff under penalty of perjury, thereby waiving the inaccuracy of any information contained therein.

## THIRTEENTH DEFENSE

At all times material hereto, Plaintiff signed tax returns verifying the accuracy of the information set forth in the information returns under penalty of perjury, which was based on information he provided the Defendant. To now contend the information is inaccurate is to admit perjury. As such, Plaintiff has unclean hands.

## FOURTEENTH DEFENSE

Defendant affirmatively deny all allegations of non-compliance with FLSA, irreparable harm, entitlement to injunctive relief, entitlement to attorney's fees and claims of damage and demands strict proof thereof.

## FIFTEENTH DEFENSE

Defendants assert that if any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendant was in full compliance with the FLSA. As such, the statute of limitations can be no longer than two years pursuant to 25 U.S.C. § 255(a).

## SIXTEENTH DEFENSE

At all times material hereto, Defendant incorporates by reference all defenses filed by any other Defendant named in this action.

## SEVENTEENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### EIGHTEENTH DEFENSE

To the extent Plaintiff seeks actual damages in connection with Counts II or III, Plaintiff failed to mitigate his damages, if any, and is not entitled to relief.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands.

### TWENTIETH DEFENSE

To the extent Plaintiff suffered any damages or losses for which she seeks to hold Defendants responsible, those damages or losses were caused in part by Plaintiff's own acts, omissions, and conduct, or the acts, omissions, and conduct of third persons.

### TWENTY-FIRST DEFENSE

Defendants has acted reasonably and in good faith at all times to comply with all state and federal laws.

### TWENTY-SECOND DEFENSE

Plaintiff has not suffered any damages as a result of any alleged wrongdoing by Defendants.

### TWENTY-THIRD DEFENSE

To the extent Plaintiff seeks actual damages in connection with Counts II or III, any actual damages were caused in part or in whole by Plaintiff's own actions or the conduct of others whom Defendants have no control over.

### TWENTY-FOURTH DEFENSE

To the extent that Plaintiff is found to be non-exempt and seek compensation for any bona fide meal or rest periods thirty (30) minutes in duration or longer, such time is not compensable in accordance with the FLSA.

### TWENTY-FIFTH DEFENSE

Any claims for liquidated damages under the FLSA are barred under the Portal-to-Portal Act of 1947, as amended, as Defendants at all times acted in good faith and with reasonable grounds to believe the relevant actions did not violate the FLSA.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims and recovery are barred to the extent he seeks compensation for anything other than compensable working time under the Fair Labor Standards Act, as amended, including as amended by the Portal-to-Portal Act.

### TWENTY-SEVENTH DEFENSE

Plaintiff's alleged damages, if any, are too speculative to ascertain.

### TWENTY-EIGHTH DEFENSE

Any claims for overtime or liquidated damages in excess of two years prior to filing are barred by the Statute of Limitations contained within the Fair Labor Standards Act and Portal to Portal Act of 1947, as amended, as any violations which may have occurred were not willful within the meaning of the statute.

## TWENTY-NINTH DEFENSE

To the extent Plaintiff is including tasks that are not a part of his job description, Defendant raises that Plaintiff is not capturing hours worked as defined in 29 U.S.C. Sec. 203(o).

## THIRTIETH DEFENSE

Plaintiff has failed to identify when he allegedly worked overtime and was not paid for such time worked in excess of 40 hours. Therefore, Defendant's records indicate Plaintiff was paid for all hours he worked in compliance with the FLSA.

## THIRTY-FIRST DEFENSE

Plaintiff, was the "filer" of his taxes, 1099's and the person responsible and required to file his information returns.

## THIRTY-SECOND DEFENSE

Plaintiff failed to provide evidence of willful or intentional acts of filing financial documents from the Defendants.

## THIRTY-THIRD DEFENSE

The alleged acts of Defendant were not a proximate cause of any damage to Plaintiff.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred for failing to state a cause of action under 26 U.S.C. 7434 where Defendant willfully or intentionally violated said statute.

## DEMAND FOR ATTORNEY'S FEES

Defendant has engaged the undersigned attorney to bring this action, is obligated to pay them a reasonable fee, for which entitlement is claimed pursuant to 26 U.S.C. ¶7434 (b) (3).

WHEREFORE, the Defendants, TRUST ROOFING, INC., WINNIE SCHERER, AND ROBIN SCHERER., request this Honorable Court enter judgment: (1) that Plaintiff take nothing by this action, denying the Plaintiff's prayer for relief; (2) dismissing the Complaint and all claims therein with prejudice; (3) in favor of Defendants; and (4) awarding Defendants attorney's fees and costs pursuant to the relevant statutes and the Federal Rules of Civil Procedure, along with such other relief available in law or equity as deemed just and proper.

Respectfully submitted,

*/s/ Benjamin W. Bard*
BENJAMIN S. BRIGGS
Florida Bar No. 113814
BENJAMIN W. BARD
Florida Bar No. 95514
**ADAMS AND REESE LLP**
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: (813) 402-2880 / Fax: (813) 402-2887
Benjamin.bard@arlaw.com
Ben.briggs@arlaw.com
Elaine.glotz@arlaw.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the CM/ECF System, which will automatically serve a copy via electronic mail delivery to all counsel of record, on this 19th day of August, 2024.

*/s/ Benjamin W. Bard*
Attorney