UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:24-CV-00927-JSM-AAS

FRANCISCO MATDONADO,

    Plaintiff,

vs.

TRUST ROOFING, INC.,
ROBIN SCHERER, AND
WINNIE SCHERER,

    Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION, JOINT MOTION TO SUBMIT SETTLEMENT AGREEMENT TO THE COURT FOR *IN CAMERA* REVIEW OR, IN THE ALTERNATIVE, JOINT MOTION FOR STATUS CONFERENCE**

    Plaintiff, Francisco Matdonado, and Defendants, Trust Roofing, Inc., Robin Scherer, and Winnie Scherer (collectively, the "Parties"), by and through their respective undersigned counsel, respectfully request that the Court approve the Parties' settlement, which represents a fair and reasonable resolution of a bona fide dispute arising under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 – 219, and 26 U.S.C. §7434, and dismiss this case with prejudice. In requesting approval of that resolution, the Parties request that any review of the settlement agreement be conducted *in camera* in order to preserve the confidentiality of the agreement, which is paramount and a material term of the settlement. Alternatively,

if the Court is not inclined to review the settlement agreement *in camera*, the Parties respectfully request that the Court schedule a status conference where the Court can review the agreement in open court. The Parties respectfully request that they not be required to file the settlement agreement in the public docket where it will be easily accessible and available in perpetuity for the public to review. The grounds for this motion are set forth more fully in the following memorandum of law.

## MEMORANDUM OF LAW

### I. Background Facts

On April 16, 2024, Plaintiff filed a Complaint in this Court, alleging violations of the FLSA and of 26 U.S.C. §7434. (Dkt. No. 1). The Complaint sought alleged overtime pay, liquidated damages, damages under 26 U.S.C. §7434, attorney's fees and costs, as well as declaratory relief for Defendants' alleged violation of the FLSA. (Id.) Plaintiff alleges that during his employment with Defendants, he was not paid overtime compensation for all hours worked over forty in certain workweeks. (Id. ¶¶ 27-30). Through negotiations between counsel for Plaintiff and counsel for Defendants, the Parties have reached full agreement on all of the terms of this settlement. Specifically, Defendants elected to resolve this matter to avoid further expense and disruption to their business, and not because they admit liability. As such, the Parties agreed that confidentiality is paramount and a key term of this agreement.

### II. Request for Settlement Approval

Section 16(b) of the FLSA permits employees to settle and release FLSA claims against an employer if the parties present the trial court with a proposed settlement

and the trial court enters an order approving the fairness of the settlement. <u>Lynn's Food Stores, Inc. v. U.S. Dep't of Labor</u>, 679 F.2d 1350, 1354-55 (11th Cir. 1982); <u>see also</u> <u>Silva v. Miller</u>, 307 F. App'x 349, 351-52 (11th Cir. 2009); <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009). The purpose of the evaluation is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores</u>, 679 F.2d at 1354-55; <u>Bonetti</u>, 715 F. Supp. 2d at 1226. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Lynn's Food Stores</u>, 679 F.2d at 1354; <u>see also</u> <u>Bonetti</u>, 715 F. Supp. 2d at 1226.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement: (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. See <u>Leverso v. South Trust Bank of Ala., Nat. Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

<u>Pessoa v. Countrywide Home Loans, Inc.</u>, 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at **2-3 (M.D. Fla. Apr. 2, 2007); <u>Hamilton v. Frito-Lay, Inc.</u>, 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007); <u>see also</u> <u>Hill v. Florida Indus. Elec., Inc.</u>, 6:06-cv-915-ORL-31JGG, 2007 WL 486615, at *3 (M.D. Fla. Feb. 9, 2007); <u>Pacheco v. JHM Enterprises, Inc., et al.</u>, No. 6:05-cv-1247-Orl-JGG, 2006 WL 948058, at *4 (M.D. Fla. Apr. 12, 2006). There is a "strong presumption" in favor of

finding a settlement fair. See Hamilton, 2007 WL 328792, at *2; see also Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977). Indeed, at least one judge has found that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable [and] [r]arely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" Bonetti, 715 F. Supp. 2d at 1227.

In this case, as evidenced by the foregoing recitation of the procedural history and background facts, the proposed settlement of this action is a fair and reasonable resolution of a bona fide dispute. First, there is a legitimate controversy between the Parties. While Plaintiff believes that the allegations asserted in his Complaint have merit, Defendants deny that Plaintiff is entitled to the relief requested in that Complaint. Nonetheless, as the Parties and their counsel recognize the expense, disruption, risk, uncertainty, and difficulties inherent in litigation, they have decided to resolve this matter in recognition that "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" Pessoa, 2007 WL 1017577, at *3.

Additionally, throughout this litigation, Plaintiff has been represented by counsel. Plaintiff's counsel has an obligation to vigorously represent their client's rights, and there is no indication that they did not do so in this case. There is no evidence of fraud or collusion. Indeed, Plaintiff believes the consideration provided under the agreement fairly and adequately compensates Plaintiff for the alleged unpaid overtime compensation sought in the Complaint, as well as his alleged damages under

26 U.S.C. §7434. Furthermore, Plaintiff knowingly, voluntarily, and intelligently entered into this settlement, which was reached only after discussion, analysis, consideration, and negotiation by Plaintiff, Defendants, and their respective counsel, including an in-person settlement conference. Before deciding to enter into this settlement, the Parties' counsel investigated Plaintiff's allegations, the potential exposure, and the risks and uncertainty associated with litigation. The Parties then engaged in settlement discussions based upon their independent calculations and analysis when they ultimately reached an agreement as to all of the terms of this settlement.

If the Court does not approve this settlement, both Parties would be forced to engage in complex, costly, and protracted litigation in order to meet their respective burdens in this case. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Thus, for all of the foregoing reasons, this settlement is a fair and reasonable resolution of a bona fide dispute over the terms of the FLSA. See Pessoa, 2007 WL 1017577, at *4. Accordingly, the Parties respectfully request that the Court approve this settlement, which gives it final and binding effect, and dismiss this case with prejudice.

### III. Motion for *In Camera* Review, or, Alternatively, a Status Conference

To determine whether the settlement of this action is a fair and reasonable compromise of a bona fide dispute over the terms of the FLSA, the Parties request that any review of the settlement agreement be conducted *in camera*, or, alternatively, at a status conference without requiring the filing of the settlement agreement in the public

5

docket. During the negotiations to resolve this matter, the Parties, in order to facilitate settlement, agreed to keep the terms of the settlement confidential. The Parties negotiated the confidentiality provision of this settlement, and the confidentiality term is paramount and a key component of the consideration for this settlement. As Plaintiff's claims are in dispute, public disclosure in perpetuity of the proposed settlement agreement would prejudice Defendants by damaging their reputation and making Defendants vulnerable to meritless claims and public scrutiny. In addition, while this Court is required to review the settlement as it relates to Plaintiff's FLSA claims, that review does not require that the settlement agreement be filed in the public record. Indeed, the purpose of this review is not to ensure that the terms are made public, but rather to ensure that Plaintiff was treated fairly and appropriately compensated.

Therefore, the Parties respectfully request permission for this Court to review the proposed settlement agreement *in camera* to maintain the confidentiality of the proposed agreement. Alternatively, if the Court is not inclined to review the agreement *in camera*, the Parties request that the Court set a status conference where the settlement agreement can be reviewed in open court without requiring it to be filed in the public docket. See Perry v. M/I Homes, Inc., Case No. 8:08-cv-00491-T-33AEP (M.D. Fla. 2010) (Dkt. 86). Several courts in this District have permitted submission of settlement agreements in FLSA cases for the confidential review of the Court for the same reasons cited by the Parties in this case. See, e.g., Okeke v. Honor Home and Comm. Supports, LLC, Case No. 8:23-cv-01573 (M.D. Fla. March 20, 2024) (Dkt. No. 25) (Jung, J.);

6

Frank v. Fresh on the Square, LLC, Case No. 5:20-cv-372-SJM-PRL (M.D. Fla. Nov. 29, 2021) (Dkt. Nos. 85-86) (Moody, J); Gonzalez v. Colwill Engineering Elec., Inc., Case No. 8:20-cv-01986 (M.D. Fla. Nov. 12, 2020) (Dkt. No. 12) (Moody, J); Brown, et al v. Infinity Medical Park, Inc. et al., 8:18-cv-01247 (M.D. Fla. Jan. 4, 2019) (Moody, J.); Zanazzi v. The Fountain Group LLC, 8:18-cv-2924 (M.D. Fla. June 13, 2019) (Jung, J.); Gouveia v. Healthcare Now Fla., Inc. et al., 8:18-cv-1699 (M.D. Fla. Dec. 6, 2018) (Dkt. No. 20) (Jung, J.).

**V.     Conclusion**

WHEREFORE, the Parties request that the Court approve the settlement of the Parties, which represents a fair and reasonable resolution of a bona fide dispute over the provisions of the FLSA and 26 U.S.C. §7434, and dismiss this action with prejudice. In doing so, the Parties also request that the Court review the Parties' settlement agreement *in camera* without requiring that it be filed in the public record. Alternatively, the Parties request that the Court schedule a status conference where the Parties and the Court can review the settlement agreement in open court without requiring that the settlement agreement be filed.

Respectfully submitted this 20th day of November, 2024.

| | |
|---|---|
| s/ Brian H. Pollock | /s/Benjamin S. Briggs |
| Brian H. Pollock, Esq. | Benjamin S. Briggs, Esq. |
| Florida Bar No. 174742 | Florida Bar No. 113814 |
| brian@fairlawattorney.com | ben.briggs@arlaw.com |
| Patrick Brooks LaRou, Esq. | Benjamin W. Bard, Esq. |
| Florida Bar No. 1039018 | Florida Bar No. 95514 |
| brooks@fairlawattorney.com | benjamin.bard@arlaw.com |
| FAIRLAW FIRM | ADAMS AND REESE LLP |

| | |
|---|---|
| 135 San Lorenzo Avenue, Suite 770 | 100 N. Tampa Street, Suite 4000 |
| Coral Gables, Florida 33146 | Tampa, Florida 33602 |
| Telephone: (305) 230-4884 | Telephone: (813) 402-2880 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |