UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCISCO MATDONADO,

    Plaintiff,

                                CASE NO.: 8:24-cv-00927-JSM-AAS

vs.

TRUST ROOFING, INC.,
ROBIN SCHERER, and
WINNIE SCHERER,

    Defendants.
_____/

## JOINT MOTION FOR RECONSIDERATION OF AND/OR RELIEF FROM ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Francisco Matdonado and Defendants Trust Roofing, Inc., Robin Scherer, and Winnie Scherer (collectively, the "Parties"), through their respective undersigned counsel and pursuant to Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b), Local Rule 7.01, and other applicable Rules and laws, jointly request that the Court reconsider its Order granting the Parties' Joint Motion to Approve Settlement (Dkt. No. 49; the "Order") to reserve jurisdiction to enforce the parties' Settlement Agreement and determine the attorney's fees and costs to be awarded to Plaintiff's counsel based on the following good cause:

## I. INTRODUCTION

Promptly upon settling this case, the parties notified the Court that the underlying matter was resolved and that they agreed Plaintiff was the prevailing party entitled to recover his reasonable attorneys' fees and costs from the Defendants related to this case and that they would either resolve the amount thereof or have the Court determine the amount. (Dkt. No. 41) Although they intended for the Court to retain jurisdiction to enforce the agreement to be submitted for *in camera* review and to determine the reasonable amount of attorneys' fees and costs to be awarded to Plaintiff's counsel, they inadvertently neglected to include this language in their Joint Motion to Approve Settlement. (Dkt. No. 47.) As a result, the Court may have misapprehended or misunderstood the nature of the resolution of the case and entered its Order dismissing the case with prejudice. (Dkt. No. 49) Consequently, the Parties respectfully request that the Court vacate, amend, or relieve them from the Order (Dkt. No. 49) such that the Court retains jurisdiction over this action to enforce their settlement agreement and determine the reasonable amount of attorneys' fees and costs to be awarded to Plaintiff's counsel.

## II. THE LAW

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part that, "any order or other decision, however designated, that adjudicates fewer

than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

A Fed. R. Civ. P 59(e) motion for reconsideration is appropriate when the Court has misunderstood a party. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). "Under Rule 59(e) the court may reconsider issues before it, and generally may examine the correctness of the judgment itself. However, while a Rule 59(e) motion is a proper procedure for bringing to the court's attention legal errors in the proceedings, relief is not appropriate if the issue was not properly raised during the proceedings." *U.S. ex rel. Bidani v. Lewis*, 97 C 6502, 2001 WL 747524, at *2 (N.D. Ill. 2001).

Under Fed. R. Civ. P. 60(a) on motion and just terms, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(b)(1) and (6), in turn, permits the Court to reconsider its prior Order if based upon "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."

### III. BASIS FOR RECONSIDERATION

1.      The Parties intended for the Court to retain jurisdiction to determine the amount of Plaintiff's reasonable attorneys' fees and costs in the event the parties cannot agree on the matter.

2.      However, the Joint Motion to Approve Settlement inadvertently and mistakenly neglected to indicate the Parties' agreement for the Court to retain jurisdiction to enforce their agreement and adjudicate the reasonable attorney's fees due to Plaintiff's counsel from Defendants (Dkt. Nos. 41, 47), thereby providing a basis for reconsideration and/or relief under Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b).

3.      In dismissing the case with prejudice, the Court misunderstood or failed to consider the nature of the Parties' settlement of this case (namely, that the parties stipulated that Plaintiff prevailed, is entitled to recover his reasonable attorney's fees and costs from Defendants, and intended for the Court to retain jurisdiction to determine the amount of Plaintiff's reasonable attorneys' fees and costs in the event the parties cannot agree on the matter), providing a further basis for reconsideration and/or relief under Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b).

4.      Although the Parties agreed on the amount of alleged unpaid wages and liquidated damages to be paid to Plaintiff under the settlement agreement, that Plaintiff prevailed and was entitled to reasonable attorney's fees and costs,

they have not yet agreed on the amount of reasonable attorneys' fees and costs and stipulated that the Court would resolve this outstanding issue after approving the settlement to be paid to the Plaintiff (if the parties cannot agree on the matter).

5.    On November 4, 2024, Plaintiff filed a Notice of Settlement (Dkt. No. 43) indicating that the Parties have reached an agreement "that the Plaintiff is the prevailing party and entitled to recover his reasonable attorney's fees and costs from the Defendants related to this action. The amount of such fees and costs payable to Plaintiff's counsel will either be resolved by the parties or determined by the Court pending further negotiations."

6.    The Court then entered its Endorsed Order on November 4, 2024 (Dkt. No. 44) directing the Parties "to file a Joint Motion for Approval of the FLSA Settlement within 14 days of the date of this Order."

7.    Following the Court's entry of its Endorsed Order (Dkt. No. 44), the Parties jointly filed their Motion for Extension to File Motion for Approval of FLSA Settlement (Dkt. No. 45), requesting an additional two days to file their Motion for Approval.

8.    The Court granted the Parties' Joint Motion for Extension, ordering the Parties to "file their Joint Motion for Approval of the FLSA Settlement by November 20, 2024." Dkt. No. 46.

9.      On November 20, 2024, the Parties filed their Joint Motion to Approve Settlement (Dkt. No. 47), requesting this Court's *in camera* review of the written settlement agreement but inadvertently neglected to request the Court to retain jurisdiction to determine the reasonable attorney's fees and costs to be awarded to Plaintiff's counsel (as set forth in the Settlement Agreement reviewed by the Court *in camera*).

10.     The Court granted the Parties' request for *in camera* review of the settlement agreement, which the office of Defendants' counsel then submitted to the Court by email to chambers on November 21, 2024. *See* Dkt. No. 48.

11.     On November 25, 2024, the Court entered its Order approving the Parties' settlement, dismissing this action with prejudice, and directing the Clerk to close this file. (Dkt. No. 49.)

12.     Immediately upon recognizing the issue with the Order (Dkt. No. 49), the Parties conferred and agreed to request relief from it.

13.     The Parties reviewed their filings against the Order and submit that the Court misapprehended their request by not providing for a mechanism to retain jurisdiction to determine the reasonable amount of attorneys' fees and costs to be awarded to Plaintiff's counsel, likely because they inadvertently and mistakenly failed to request the Court retain jurisdiction, despite their stipulation

in the Notice of Settlement (Dkt. No. 43) and in the Settlement Agreement that Plaintiff was the prevailing party and entitled to recover his reasonable attorney's fees and costs from Defendants, jointly and severally, in an amount determined by the Court.[1]

14.    Plaintiff submits that he will suffer prejudice if he is precluded from recovering the reasonable attorneys' fees and costs to which he is entitled under 29 U.S.C. § 216(b) and the Parties' stipulation that he is the prevailing party in this action. *See* Dkt. No. 43 ("The parties also agreed that the Plaintiff is the prevailing party and entitled to recover his reasonable attorney's fees and costs from the Defendants related to this action.").

### III. CONCLUSION

Accordingly, the Parties jointly request that the Court: vacate, amend, or relieve them from its Order dismissing this case with prejudice by retaining jurisdiction over this action to determine the reasonable amount of attorneys' fees and costs to award to Plaintiff's counsel.

---

[1]    As the prevailing plaintiff under the FLSA, Plaintiff is entitled to an award of reasonable attorneys' fees and costs. "Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *accord* 29 U.S.C. § 216(b) (The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

WHEREFORE Plaintiff Francisco Matdonado and Defendants Trust Roofing, Inc., Robin Scherer, and Winnie Scherer respectfully request that the Court reconsider and/or grant relief from its dismissal with prejudice and grant the relief requested above.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that, prior to filing this motion, the undersigned attorneys have conferred with one another in a good faith effort to resolve the issues raised herein, and that the Parties have agreed to the relief requested above.

Respectfully submitted this 3rd day of December 2024.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

s/ Benjamin S. Briggs
Benjamin S. Briggs, Esq. (113814)
ben.briggs@arlaw.com
Benjamin W. Bard, Esq. (95514)
benjamin.bard@arlaw.com
ADAMS AND REESE LLP
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
*Counsel for Defendants*